■ In the Matter of CHRISTOPHER J. MEGA, Respondent, v AGNES BIONDO et al., Appellants, and ROSEMARY A. MILLUS et al., Respondents. (And Another Title.) — Appeal (1) from a judgment of the Supreme Court, Kings County (Slavin, J.), dated August 21, 1984, which (a) denied Agnes Biondo's application to invalidate a petition designating Christopher J. Mega as the Republican Party candidate for the New York State Senate, 23rd Senatorial District, in the primary election to be held on September 11, 1984 and (b) fined the appellants' attorney $3,500 and (2) from a further judgment of the same court, also dated August 21, 1984, which granted Mega's application to validate the petition designating him as the Republican Party candidate.

First above-mentioned judgment modified, on the law, by deleting the provision (included by reference) which fined the appellants' attorney $3,500. As so modified, judgment affirmed, without costs or disbursements.

Second above-mentioned judgment affirmed, without costs or disbursements.

Although we disagree with Special Term's finding that Agnes Biondo lacked standing to institute the instant invalidating proceeding because she is not a real party in interest, we nevertheless agree that the application should be denied. Subdivision 2 of section 6-154 of the Election Law provides that written objections to a designating petition for party position may be filed by any voter registered to vote for such party position. It was uncontroverted that Biondo is an enrolled Republican and she, therefore, met the statutory standing requirement. Special Term correctly determined, however, that the

designating petition at issue was not permeated with fraud so as to require its invalidation. The court found that one of the 109 subscribing witnesses obtained a small number of signatures which were fraudulent and that an insignificant number of the signatures collected by the remaining subscribing witnesses were affected by irregularities so as to be invalid. The number of invalid signatures was not sufficient to establish that the designating petition was permeated with fraud. Therefore, candidate Mega had 1,439 valid signatures, which were many more than the 1,000 signatures required.

As much as we decry frivolous and unnecessary proceedings, there was no basis for the imposition of a fine against appellants' attorney. Accordingly, the fine imposed by the trial court in the sum of $3,500 is vacated and set aside. Further, we find that the comments made by the trial court relating to the two young aides to appellants' counsel are not warranted by the record.

We have considered appellants' remaining contentions and find them to be without merit. O'Connor, J. P., Rubin, Boyers and Eiber, JJ., concur.